*89 OPINION of the Court, by
Judge Clark.
This tras an action of detinue, brought by the heirs of David Gillespie, in the Fayette circuit court, against William Gillespie, for certain slaves. They obtained a verdict and^fudgment, from which William Gillespie appealed to this court.
The appellees claim title to the slaves in question as" heirs at law to David Gillespie, deceased, in whom they contend the absolute title was at his death. The appellant claims them by virtue of a bill of sale from David Gillespie to him, dated the 14th of January 1789» The slaves were delivered to William with some ceremony, and by him immediately redelivered to David, in whose possession they remained until his death, which was ten or twelve years after the date of the bill of sale.
It is contended for the appellant, that the appellees cannot maintain this action for the slaves in question, they claiming as heirs of David Gillespie, and not un- *90 dcr the administratrix; and that the inferior court err-» ed in instructing the jury to the contrary. It seems •jur-ecessary for the court to determine how far it is ae* ci'ssarv f',r a party claiming 'laves as heir, to shew the correct of the txcrutor c.r administrator, to enable them u) ,.i,unt;.in an action for the possession against a third person. For if it had been necessary for the appellees o h. 11- shewn the consent of the administratrix,t® their disposed to say) that fact appears to have been sufficiently proven. There had been an allotment to the widow (who was the administratrix) of her dower in the he others had been hired out by the guardian irs, who charged himself as such with the a-slave of the h mount of their hire, possession of the slaves in contest (which we are riot
Á pet ion vAo ha, u-UaieC all intereft in the cunuoveri/ is tiiaiSby in,is a compoCooC wit-
Tl.f wrnl,-cate ot a magil-trate that the liarties content, ed to Ae taking of a depoftrion, not evidence of the confent.
If the com. c:a filan was to take a ecpofi-tkn L c ejfe, a o . 'nt to Z-l't if and before o-r.e magii-trate, would be .r i; flood lube according to the commitiion.un-it fs the contrary plainly ap-Jiears, and the nabil'-y of the. witpefs toa* tend nit be made stat.
ft is contended the court erred in admitting Patsey Parrish, the widow and administratrix of David Gillespie, as a witness. A release of all the interest a witness mav have m the event of. a cause, restores his competence. In this case she relinquished all possible interest she had in the slaves, either in her own right of as administratrix to David Gillespie. The objection was thereby removed, and the motion properly overruled,
On the trial of the cause the defendant objected to the reading of the deposition of Charles Morgan, which was offered by the plaintiffs. The motion was overruled, and the deposition read. It appears there had been an order made at a previous term of the court, for taking the deposition of Morgan de bene esse. The deposition appears to have been taken before one magistrate, and certified fay him to have been taken by-consent. That the parties had the right to consent ter the taking of the deposition before one magistrate, and to be read in chief, there-is no doubt. Yet this consent ought to be proven to the court by competent and legal testimony. The certificate of the magistrate was insufficient for that purpose. The certificate of an officer, of the existence of a fact that does not come within his official duty, is no evidence that such fact really existed. At the time this deposition was taken, we knew of no law that authorised a magistrate, without a dedimus po-testatem, to take the deposition of a witness. His power for that purpose was derived from the commission, and not from a particular law giving that poyrer. Th« *91 consent, if it ever was given, sv,r a matter en pals, and ought, like other matters of Get, to have been proven on the trial. If the certificate of the magistrate could be received as evidence, yet it would not warrant the reading the deposition without proof of Morgan’s lu.k iity to attend, to shew which no testimony wots introduced. The certificate, if it shews any flu is only a consent that the deposition might be tai en .it finat time, and before one magistrate. It being taken under an authority, we must suppose it was taken subject to its restrictions, unless the contrary plainly appears.
A ⅛|1 ofif!ls executed to de-/raud craihors, is binding Biverrh'k'15 "n an.j , and tt4~ tl.cr the g«-3n, : nor in» litiis 01 conii-•i-'ruDon or GSe fiat uuienr in* tent oi T-e stag, to- in a’-o’d.rti-. ; ui tJis no
judge Logan dissenting from this part of the opinion ; thinks the deposition was properly admitted to be read as evidence, it appearing on its face to have been taken in chief before one justice by consent of the parties, the witness interrogated by both, and the objection not made until on the trial, about tzm years after the deposition purports to have been taken.
from a bill of exceptions taken on the trial of this - * , ,- , ? , . , , cause, it appears the deiendant by his counsel moved the court to instruct the jury, if they found, ii cm the testimony, that the bill of sale was eaeoiced lor the pur-f ose of defrauding creditors, that it was ca.ding on the grantor and his heirs. The court refused to give thc instruction asked for, but instructed the jury thu. under the act of assembly, “ the plaintiff’s were at liberty to shew the want of consideration, or uninter: upied posses sion by the.grantor, to avoid the deed.’’ David Gif lespie had by law a right to dispose of his slaves, bv deed or otherwise, which would bind him and Lb heir although the consideration might not be deemed a valuable one. By our statute of frauds, suer, conveyances might be avoided as to creditors ; but it is conceived it ought to be binding upon the parties, ft is a well settled rule, that a party equally guilty shall not avoid his deed by pleading his own fraud. In that case the rule pari delicto potior est conditio defendenlis, well applies. By the common law, conveyances made to defraud creditors, were binding between the parties. Our statute respecting fraudulent conveyances, is in most of its provisions only declaratory of the common law, and in that particular has not varied,the rule. If our statute had, kit room' for construction, that which would most effectually s&ppress the mischief intended to be guarded *92 against, ought to be given. To give the statute a com struction which would enable the grantor, after effe-ct-ing his object in making the conveyance, to avoid it himself by proving his own turpitude, would not be advancing the remedy, but the mischief. The court therafore erred in not giving the instruction asked for. We would not be understood as saying that William Gillespie,' though the bill of sale may have been made with an intention of fraud, might not relinquish his right under it, or by cancelling the contract restore to David or his heirs the complete title to the negroes.
After bill of (Tale executed <fe jjoiT-tirm deli vered under it, gve years pot. awards in the grantor,ft nota luí to theadion but properto^í left to the jury ⅛« the”a*he" fed canteUéd the need, ur con fide.ed it «not force."1"8 *"
lt fhves are th*’dTmltf '"of the lender when Sh pieafes, the ftarute of ¡mu-begin to run (as between the parttes) unta de maud & refatai.
With regard to the opinion of the court as to the avoidance of the contract by the uninterrupted posses-of the grantor, we think such possession did not _ - bar the action, but was proper for the consideration of the jury in deciding whether the parties had cancelled hill ot sale, or considered it as not remaining ir^ force between them.
* From what period the statute of limitations began t0 runi h applies at all, is another consideration. Ip a contract for slaves, without a stipulated time ofpay-rnent,> ‘£ *s believed the statute could not begin to run unt,l a demand and refusal to pay. So if slaves are held merely on a loan, subject to the demand of the owner when he pleases to assert his right, it seems to the court that until a demand is made anda refusal to comply, the statute of limitations does not begin to run, case Montague vs. Lord Sandwick, Esp. N. P. 595, where furniture was left with one who used it and afterwards refused to deliver it when demanded, upon trover being brought for it the statute of limita-H0158 was pleaded ; but it was ruled by the court that the user by consent and before demand was no conversjon and that the statute did not begin to run until a refusal to deliver the furniture. This doctrine the court conceive is not impugned by the case of Fitzhugh vs. Anderson, &c. 2 Hen. and Mun. 289, &c. That case turned upon sales made to innocent purchasers, under long possession and many acts of ownership, which gave credit to the son in possession of the slaves. But in that case it seems that possession for five years and more might be so qualified by the terms of the loan, as to repel the presumption of unqualified right, which, *93 without such express agreement, Judge Tucker was of opinion would bar the recover)? bv the former owner. But Judge Roan was of opinion that although the possession was in the son, the right was always in the father, because the testimony did not shew that he lent the negroes to h is son for any given time, and therefore might at any tune have resumed the property.
If the court give inftruilions to che jury anji the verd;& cor-refpoods with the mftru&iont, the yérdiíl rhtift be fet a fide,not-withilandingthe evidence would have warranted the finding^ for the jury might have found dif« ierendy but for the improper in ftruttioatfof the court*
From inis case the question would still occur, as between the parties and their volunteers, was the possession obtained by an absolute gift of property, or a mere loan ? In solving the question, five years possession woul 1 be sufficient evidence of a right, unless explained by other evidence, which went to shew only a loan from a fair understanding between the former owner and the person in possession.
It is therefore the opinion of the court, that a bare permission to remain in possession of slaves for five years and more, does not bar the right of recovery, where such possession is held under an understanding between the parties that the grantee is entitled to resume his property when he chooses so to do,
■ It has been a question also of inquiry with the court, whether the bills of exceptions do not furnish sufficient matter, independent of those points of law upon which we differ with the circuit court in opinion, to support the verdict of the jury : and if so, whether we can affirm the judgment ?
But upon examining the subject, it is the opinion of the court that the verdict of the jury must rest upon matter In the cause which properly belongs to a jury to decide upon, viz. whether the evidences and circumstances in the case shew an agreement and understanding between David and William Gillespie, that the writings between them should be considered as cancelled : whether the bill of sale given in 1789, was understood fay them as merged in'the one executed in 1793, or was expected to have been lost or destroyed, are Inquiries for a jury, and which the court cannot decide, without invading the province of the jury.
For aught that appears to the court, the jury may have found their verdict upon the instructions given by She court, which went to the decision of the subject, without considering other points in the cause, and upon, which, had they been uninfluenced by the instructions of *94 the court in relation to questions of law (conceived by this court to be erroneous) the jury might have found differently.
Judgment reversed, and cause remanded for new trial, &c.

 This part of the opinion was draw by judge Logan.